# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL CELLI, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-2262 |
| v. | |
| | (JUDGE CAPUTO) |
| NORTHEASTER EDUCATIONAL INTERMEDIATE UNIT 19, et al., | |
| Defendants. | |
| ROBIN MEDEIROS, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-2263 |
| v. | |
| | (JUDGE CAPUTO) |
| NORTHEASTER EDUCATIONAL INTERMEDIATE UNIT 19, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Motion to Dismiss of Defendants, the School District of Abington Heights, David Arnold, Ed.D., Mariellen Sluko, Mary Alice Bartz, and Barbara Urnoski (Doc. 16, 3:04-CV-2262) and Motion to Dismiss of Defendants, the School District of Abington Heights, David Arnold, Ed.D., Mariellen Sluko, Mary Alice Bartz, and Barbara Urnoski (Doc. 15, 3:04-CV-2263).[1] For the reasons set forth below,

---

[1] The Court notes that two actions have been brought against the above captioned Defendants: one by Ms. Celli, another by Ms. Medeiros. The complaints, motions to dismiss, related legal memoranda, and the legal arguments contained therein are identical. In the interests of judicial economy, the Court will adjudicate both pending motions to dismiss in the instant memorandum.

the motions will be granted in part and denied in part.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### BACKGROUND

In construing the Complaint in a light most favorable to Plaintiffs, as the Court is compelled to do when adjudicating a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts relevant to the instant motions are as follows. Plaintiffs Jill Celli and Robin Medeiros were at all relevant times employed by Northeastern Educational Intermediate Unit 19 ("NEIU") as teachers' aides at Clarks Summit Elementary School ("CSE").  (Doc. 1 ¶ 17, No. 3:04-CV-2262; Doc. 1 ¶ 17, 3:04-CV-2263.)  Defendant Rosetti served as the executive director of NEIU.  (Doc. 1 ¶ 4, No. 3:04-CV-2262; Doc. 1 ¶ 4, 3:04-CV-2263.)   Defendant NEIU is a regional educational service agency that provides educational services to school districts in northeastern Pennsylvania, including Defendant School District of Abington Heights.  (Doc. 1 ¶ 3, No. 3:04-CV-2262; Doc. 1 ¶ 3, 3:04-CV-2263.)   Defendant Clarence Lemanna was at all relevant times employed as NEIU's Director of Special Education.  (Doc. 1 ¶ 5, No. 3:04-CV-2262; Doc. 1 ¶ 5, 3:04-CV-2263.)  Defendant Susan Wzorek was at all relevant times employed by the NEIU as an autistic support teacher.  (Doc. 1 ¶ 6, No. 3:04-CV-2262; Doc. 1 ¶ 6, 3:04-CV-2263.)  Defendant James O'Hara was at all relevant times employed as a life skills teacher by NEIU.  (Doc. 1 ¶ 7, No. 3:04-CV-2262; Doc. 1 ¶ 7, 3:04-CV-2263.)  Defendant Kathleen Rachowski was at all relevant times employed by NEIU as an autistic support teacher.  (Doc. 1 ¶ 8, No. 3:04-CV-2262; Doc. 1 ¶ 8, 3:04-CV-2263.)  Defendant David Arnold was at all relevant times the Superintendent of Defendant School District of Abington Heights.  (Doc. 1 ¶ 10, No. 3:04-CV-2262; Doc. 1 ¶ 10, 3:04-

CV-2263.) Defendant Mariellen Sluko was at all relevant times the Principal of CSE. (Doc. 1 ¶ 11, No. 3:04-CV-2262; Doc. 1 ¶ 11, 3:04-CV-2263.) Defendant Mary Alice Bartz was at all relevant times a teacher at CSE. (Doc. 1 ¶ 12, No. 3:04-CV-2262; Doc. 1 ¶ 12, 3:04-CV-2263.) Defendant Barbara Urnoskie was also a teacher at CSE at all times relevant to the instant matter. (Doc. 1 ¶ 13, No. 3:04-CV-2262; Doc. 1 ¶ 13, 3:04-CV-2263.)

During the period of September 2001, to May 2003, Plaintiffs were assigned to work with autistic children in an NEIU classroom at CSE. (Doc. 1 ¶ 18, No. 3:04-CV-2262; Doc. 1 ¶ 18, 3:04-CV-2263.) Defendant Wzorek was the teacher in charge of that particular classroom. (Doc. 1 ¶ 18, No. 3:04-CV-2262; Doc. 1 ¶ 18, 3:04-CV-2263.) During the course of performing their duties as teachers' aides, Plaintiffs witnessed Defendant Wzorek physically, verbally, and mentally abusing the autistic children in her classroom. (Doc. 1 ¶ 20, No. 3:04-CV-2262; Doc. 1 ¶ 20, 3:04-CV-2263.) In an effort to halt the abusive conduct of Defendant Wzorek, Plaintiffs spoke first to Defendant Wzorek and then to other NEIU coworkers. (Doc. 1 ¶ 23, No. 3:04-CV-2262; Doc. 1 ¶ 23, 3:04-CV-2263.) Plaintiffs' efforts were unsuccessful. (Doc. 1 ¶ 23, No. 3:04-CV-2262; Doc. 1 ¶ 23, 3:04-CV-2263.)

In attempt to abate Defendant Wzorek's abuse, Plaintiffs attempted to meet with various other factions at NEIU. (Doc. 1 ¶ 23, No. 3:04-CV-2262; Doc. 1 ¶ 23, 3:04-CV-2263.) First, in June 2003, Plaintiffs met with Ms. Michelle Homish, a member of NEIU's Human Resource Department, and Defendant Lemanna. (Doc. 1 ¶ 24, No. 3:04-CV-2262; Doc. 1 ¶ 24, 3:04-CV-2263.) During the meeting, Plaintiffs reported the abuses perpetrated by Defendant Wzorek to Defendant Lemanna and Ms. Homish. (Doc. 1 ¶ 24,

3

No. 3:04-CV-2262; Doc. 1 ¶ 24, 3:04-CV-2263.)  Defendant Lemanna told Plaintiffs that he would need to involve his superiors, namely Defendant Rosetti.  (Doc. 1 ¶ 25, No. 3:04-CV-2262; Doc. 1 ¶ 25, 3:04-CV-2263.)  Then in July 2003, Plaintiffs met with Defendant Rosetti.  (Doc. 1 ¶ 26, No. 3:04-CV-2262; Doc. 1 ¶ 26, 3:04-CV-2263.)  During the meeting Plaintiffs presented substantial documentary evidence regarding the abuses perpetrated by Defendant Wzorek.  (Doc. 1 ¶ 28, No. 3:04-CV-2262; Doc. 1 ¶ 28, 3:04-CV-2263.)  Then a week later, Plaintiffs met with Mr. David Reese, the former Director of NEIU's Human Resource Department and Mr. John Lawler, his successor.  (Doc. 1 ¶ 31, No. 3:04-CV-2262; Doc. 1 ¶ 31, 3:04-CV-2263.)  Plaintiffs again disclosed detailed information regarding the abusive conduct of Defendant Wzorek that they had witnessed.  (Doc. 1 ¶ 31, No. 3:04-CV-2262; Doc. 1 ¶ 31, 3:04-CV-2263.)  Finally, in August 2003, Plaintiffs again met with Defendant Rosetti and NEIU's attorney, Mr. Jeffrey Tucker.  (Doc. 1 ¶ 33, No. 3:04-CV-2262; Doc. 1 ¶ 33, 3:04-CV-2263.)  During this meeting, Mr. Tucker informed Plaintiffs that NEIU would make a determination of whether abuse had occurred, that Plaintiffs did not have a right to know the results of this determination, and that Plaintiffs were not to disclose the allegations of abuse to anyone.  (Doc. 1 ¶ 35, No. 3:04-CV-2262; Doc. 1 ¶ 35, 3:04-CV-2263.)

      On August 22, 2003, Plaintiffs attended an in-service day at CSE.  (Doc. 1 ¶ 38, No. 3:04-CV-2262; Doc. 1 ¶ 38, 3:04-CV-2263.)  During the course of the day, Plaintiffs were told that NEIU had completed an investigation.  (Doc. 1 ¶ 38, No. 3:04-CV-2262; Doc. 1 ¶ 38, 3:04-CV-2263.)  Plaintiffs contend that no such investigation ever occurred.  (Doc. 1 ¶ 38, No. 3:04-CV-2262; Doc. 1 ¶ 38, 3:04-CV-2263.)  Plaintiffs were advised that Defendant Wzorek's alleged abuses were not going to be reported to law enforcement

officials.  (Doc. 1 ¶ 39, No. 3:04-CV-2262; Doc. 1 ¶ 39, 3:04-CV-2263.)  During that same day, Plaintiffs contend that various NEIU staff members began to treat Plaintiffs poorly.  (Doc. 1 ¶ 40, No. 3:04-CV-2262; Doc. 1 ¶ 40, 3:04-CV-2263.)  Plaintiffs contend that Defendant Rachowski called Plaintiffs liars and troublemakers.  (Doc. 1 ¶ 40, No. 3:04-CV-2262; Doc. 1 ¶ 40, 3:04-CV-2263.)

When Plaintiffs returned to work in early September 2003, CSE teachers and other staff members also treated Plaintiffs poorly.  (Doc. 1 ¶ 41, No. 3:04-CV-2262; Doc. 1 ¶ 41, 3:04-CV-2263.)  Plaintiffs allege that they were:  (1)  subjected to scorn, ridicule, insults, sarcasm and dirty looks; (2) not permitted to accompany students to the cafeteria or CSE classrooms; (3) forced to work longer hours than their NEIU counterparts; excluded from holiday parties; (4) accused of breaking a silent code by reporting the abuses; and (5) threatened that they would be prevented from working the school district.  (Doc. 1 ¶¶ 41-48, No. 3:04-CV-2262; Doc. 1 ¶¶ 41-48, 3:04-CV-2263.)

Despite Mr. Tucker's admonition to not disclose the allegations of abuse, Plaintiffs began cooperating with law enforcement officials from the Lackawanna County District Attorney's Office.  (Doc. 1 ¶ 55, No. 3:04-CV-2262; Doc. 1 ¶ 56, 3:04-CV-2263.)  After Plaintiffs cooperated with law enforcement officials in late 2003, they contend that the mistreatment intensified.  (Doc. 1 ¶ 59, No. 3:04-CV-2262; Doc. 1 ¶ 60, 3:04-CV-2263.)  In May 2004, Plaintiffs complained to Defendant Lemanna.  (Doc. 1 ¶ 60, No. 3:04-CV-2262; Doc. 1 ¶ 61, 3:04-CV-2263.)  Plaintiffs contend that he then attempted to force Plaintiffs to accept a transfer.  (Doc. 1 ¶ 60, No. 3:04-CV-2262; Doc. 1 ¶ 61, 3:04-CV-2263.)  When Plaintiffs refused, Defendant Lemanna indicated that he would simply transfer the entire classroom to another school district.  (Doc. 1 ¶ 60, No. 3:04-CV-2262;

5

Doc. 1 ¶ 61, 3:04-CV-2263.)  In August 2004, Plaintiffs were informed that their class had been transferred to the Scranton School District.  (Doc. 1 ¶ 61, No. 3:04-CV-2262; Doc. 1 ¶ 62, 3:04-CV-2263.)

Plaintiffs initiated this action by filing their respective complaints on October 14, 2004.  (Doc. 1, No. 3:04-CV-2262; Doc. 1, 3:04-CV-2263.)  Thereafter, Defendants the School District of Abington Heights, David Arnold, Ed.D., Mariellen Sluko, Mary Alice Bartz, and Barbara Unrnoski filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 16, No. 3:04-CV-2262; Doc. 15, 3:04-CV-2263.) These motions are fully brief and ripe for disposition.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can

6

prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions," *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Defendants seek dismissal of Plaintiffs § 1983 claims against Defendants Bartz, Sluko, Urnoski, and School District of Abington Heights. In addition, Defendants seek dismissal of Plaintiffs intentional infliction of emotional distress claims. Finally, Defendants requests that the Court decline to exercise its supplemental jurisdiction over Plaintiffs' state law claims. The Court will address Defendants arguments in support thereof below.

### 1)    Section 1983

In order to state a claim under § 1983, Plaintiff must have been deprived of a federally protected right by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parrat v. Taylor*, 451 U.S. 527, 535 (1981)). The absence of a

state actor or a constitutional harm will result in the failure of Plaintiff's § 1983 claim.  *See id.*  Defendants Bartz, Sluko, and Urnoski argue that Plaintiffs' § 1983 claims fail as a matter of law because Defendants Bartz, Sluko, and Urnoski are not state actors.

"[T]he essence of [§] 1983's color of law requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state." *Bonenberger v. Plymouth Township*, 132 F.3d 20, 24 (3d Cir. 1997).  A person's improper behavior must be connected with an official duty to constitute a state action.  *Id.*

In the instant matter, Plaintiffs allege that Defendants Bartz and Sluko prevented Plaintiffs from entering CSE classrooms, a necessary component of their employment. (Doc. 1 ¶ 53, No. 3:04-CV-2262; Doc. 1 ¶ 54, 3:04-CV-2263.)  The logical inference from these allegations is that Defendant Bartz and Sluko were acting pursuant to the power granted to them by the Commonwealth of Pennsylvania as public school officials when they engaged in the aforementioned conduct.  Thus, the Court finds that the Complaints allege sufficient facts, which, if proven, establish that Defendants Sluko and Bartz acted under color of state law when they allegedly retaliated against Plaintiffs in violation of the First Amendment.  However, with respect to Defendant Urnoski, the Plaintiffs have not asserted similar allegations.  The allegations in the Complaints do not give rise to any inference that Defendant Urnoski was abusing some power granted to her by the Commonwealth of Pennsylvania when she engaged in the alleged retaliatory conduct. Consequently, the Court will grant Defendants' motion with respect to Plaintiffs' § 1983 claims against Defendant Urnoski.

8

**2)** *Monell* **Liability**

As a municipal entity, Defendant School District of Abington Heights may only be held liable for the alleged constitutional infractions perpetrated upon Plaintiffs if "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  The requisite causal link may be shown in two ways.  First, where the municipal entity is alleged to have caused the violation of the aggrieved parties' constitutional rights through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001) (quoting *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978)).  It is of note that the policy of a municipality can be created by the conduct of an individual with final, unreviewable policy making authority.  *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).   The second manner in which a party may demonstrate the requisite causal link is by demonstrating that the alleged constitutional violations were caused by a custom or usage of the municipality which has "the force of law by virtue of the persistent practices of [municipal] officials."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167 (1970).

In the instant matter, Defendant Arnold is the Superintendent of Defendant School District of Abington Heights.  (Doc. 1 ¶ 10, No. 3:04-CV-2262; Doc. 1 ¶ 10, 3:04-CV-2263.)  The reasonable inference from this allegation is that Defendant Arnold does in fact have final and unreviewable policy-making authority.  The Complaints allege that pursuant to this authority, Defendant Arnold transferred Plaintiffs' NEIU classrooms out of Abington Heights School District.  (Doc. 1 ¶ 62, No. 3:04-CV-2262; Doc. 1 ¶ 63, 3:04-CV-

2263.)  Therefore, the Court finds that Plaintiffs have sufficiently alleged facts establishing Defendant School District of Abington Heights liability pursuant to *Monell*. Accordingly, Defendants' motions will be denied insofar as they seek dismissal of Plaintiffs' claims against Defendant School District of Abington Heights.

**3)     Intentional Infliction of Emotional Distress**

Under Pennsylvania law, a plaintiff only has a claim for intentional infliction of emotional distress where the "conduct in question is so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . ."  *Pavlik v. Lane Ltd. Tobacco Imps. Int'l*, 135 F.3d 876, 890 (3d Cir. 1998) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).  Having reviewed the Complaints in light of the standard articulated above, the Court finds they lack allegations which might support a finding that Defendants' conduct was in fact so extreme and outrageous as to be regarded as atrocious.  Therefore, the Court will grant Defendants' motion with respect to Plaintiffs' intentional infliction of emotional distress claims.

**4)     Conspiracy to Violate § 1983**

"To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'"  *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes,* 398 U.S. at 150), *abrogated on other grounds, United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392 (3d Cir. 2003)*.*  As noted by the United States Court of Appeals in *Rose v. Bartle*,  "'[t]he plaintiffs must plead with

particularity the 'circumstances' of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient'." 871 F.2d 331, 366 (quoting *Kalmanovitz v. G. Heilman Brewing Co.*, 595 F. Supp. 1385, 1401 (D. Del.1984)). The Third Circuit Court of Appeals further noted that "an inference [of conspiracy] ... from the Complaint ... [is] no substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity." *Id.*

The Complaints fall short of the standard articulated above. While there are generalized allegations concerning the existence of a conspiracy, these are conclusory allegations. (*See, e.g.,* Doc. 1 ¶¶ 41, 84-89, No. 3:04-CV-2262; Doc. 1 ¶¶ 41, 85-90, 3:04-CV-2263.) Others simply neglect to allege that Defendants were involved in the purported conspiracy. (*See, e.g.,* Doc. 1 ¶ 37, No. 3:04-CV-2262; Doc. 1 ¶ 37, 3:04-CV-2263.) More importantly, however, there are no allegations regarding an alleged objective or purpose of the purported conspiracy. Likewise, there are no allegations regarding an agreement to violate Plaintiffs' civil rights. Consequently, the Court finds that the Complaints fail to state a claim upon which relief can be granted with respect to Plaintiffs' § 1983 conspiracy claims.

**5)    Civil Conspiracy / Defamation**

Defendants also request dismissal of Plaintiffs' claims of civil conspiracy and defamation on the basis that the Court no longer has jurisdiction over these claims. Because the Court has jurisdiction over Plaintiffs' § 1983, it will, at this time, exercise

jurisdiction over Plaintiffs' state law claims pursuant to § 1367.  Accordingly, Defendants' motions will be denied insofar as they seeks dismissal of Plaintiffs' remaining state law claims.

## CONCLUSION

Defendants' motions will be granted in part and denied in part.  The Court will grant Defendants' motions insofar as they seek dismissal of Plaintiffs':  (1) § 1983 claims against Defendant Urnoski; (2) § 1983 conspiracy claims; and (3) intentional infliction of emotional distress claims.  Defendants' motions will be denied in all other respects.

An appropriate Order follows.


August 17, 2005                                         /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                                United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILL CELLI,　　　　Plaintiff,　　v.　　NORTHEASTER EDUCATIONAL INTERMEDIATE UNIT 19, et al.,　　Defendants. | CIVIL ACTION NO. 3:04-CV-2262　　(JUDGE CAPUTO) |
| ROBIN MEDEIROS,　　　　Plaintiff,　　v.　　NORTHEASTER EDUCATIONAL INTERMEDIATE UNIT 19, et al.,　　Defendants. | CIVIL ACTION NO. 3:04-CV-2263　　(JUDGE CAPUTO) |

## ORDER

   **NOW**, this  17th  day of August, 2005, **IT IS HEREBY ORDERED** that:

(1) Motion to Dismiss of Defendants, the School District of Abington Heights, David Arnold, Ed.D., Mariellen Sluko, Mary Alice Bartz, and Barbara Urnoski (Doc. 16, 3:04-CV-2262) is **GRANTED in part** and **DENIED in part:**

   (a) The motion is **GRANTED** insofar as it seeks:

   (i) Dismissal of Plaintiff Celli's § 1983 claim against Defendant Urnoski

   (ii) Dismissal of Plaintiff Celli's § 1983 conspiracy claim.

   (iii) Dismissal of Plaintiff Celli's intentional infliction of emotional distress claim.

   (b) The motion is **DENIED** in all other respects.

(2) Motion to Dismiss of Defendants, the School District of Abington Heights, David Arnold, Ed.D., Mariellen Sluko, Mary Alice Bartz, and Barbara Urnoski (Doc. 15, 3:04-CV-2263) is **GRANTED in part** and **DENIED in part:**

   (a) The motion is **GRANTED** insofar as it seeks:

     (i) Dismissal of Plaintiff Medeiros' § 1983 claim against Defendant Urnoski.

     (ii) Dismissal of Plaintiff Medeiros' § 1983 conspiracy claim.

     (iii) Dismissal of Plaintiff Medeiros' intentional infliction of emotional distress claim.

   (b) The motion is **DENIED** in all other respects.


           /s/ A. Richard Caputo
           A. Richard Caputo
           United States District Judge