**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBIN L. MEDERIOS,

    Plaintiff,

       v.

NORTHEASTERN EDUCATIONAL
INTERMEDIATE UNIT 19, et. al.,

    Defendants.

CIVIL ACTION NO. 3:04-CV-2263

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 47).  For the reasons set forth below, the motion will be granted.

## BACKGROUND

On October 14, 2004, Plaintiff filed a Complaint alleging violations of 42 U.S.C. § 1983 through the infringement of her First Amendment rights, civil conspiracy, violations of the Pennsylvania Whistleblower Law, defamation, and intentional infliction of emotional distress.  (Doc. 1.)  On December 9, 2004, Defendants School District of Abington Heights, David Arnold, Ed.D., Mariellen Sluko, Mary Alice Bartz, and Barbara Urnoskie filed a Motion to Dismiss.  (Doc. 15.)  On August 17, 2005, the Court granted the Motion to Dismiss, in part, and denied the Motion in part.  (Doc. 46.)  The Court dismissed Plaintiff's section 1983 claim against Defendant Urnoski, Plaintiff's conspiracy claim, and Plaintiff's claim for intentional infliction of emotional distress.  *Id.*  In August, 2005, Plaintiff resigned from her position at Northeastern Educational Intermediate Unit.  On September 27, 2005, Plaintiff filed the present Motion for leave to file an amended

1

complaint.  (Doc. 47.)  Plaintiff's proposed amended complaint includes more in depth

allegations of civil conspiracy and a claim for constructive discharge.  *Id.*  Defendants

filed a Brief in Opposition to Plaintiff's Motion.  (Doc. 51.)  This matter is fully briefed and

ripe for disposition.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the

party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so

requires."  FED. R. CIV. P. 15(a).  While Rule 15 liberally allows leave to amend be "freely

given," district courts have the discretion to deny a motion for leave to amend where it is

apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2)

the amendment would be futile; or (3) the amendment would prejudice the other party.

*See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall

have leave to amend pleadings out of time.  *See Foman v. Davis*, 371 U.S. 178, 182

(1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir.

1981).  However, "[i]n the absence of any apparent or declared reason -- such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave

sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue

prejudice to the non-moving party.  *See Heyl*, 663 F.2d at 425; *Cornell & Co., Inc. v.*

*OSHRC*, 573 F.2d 820, 823 (1978).  Merely claiming prejudice, however, is not enough to prevent the leave from being granted.  *See Heyl*, 663 F.2d at 426.  The non-moving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [moving party's] amendments been timely."  *Id.*  When the motion for leave to amend is made before trial begins, prejudice *vel non* generally turns on whether the non-moving party would be able, without undue burden, to conduct any additional discovery necessitated by the amendment.  *See, e.g., Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (possibility that some additional discovery would be required was not unduly prejudicial).

In opposing Plaintiff's motion, Defendants argue undue delay by Plaintiff in requesting leave to file an amended complaint.  Specifically, Defendants argue that Plaintiff received notice that her Complaint was deficient through the Court's Order of August 17, 2005, but no action was taken to correct the Complaint until over a month later.  I do not agree that this alone constitutes undue delay.

The actions and events leading to Plaintiff's amended complaint include the Court's Order of August 17, 2005 and Plaintiff's resignation in August, 2005.  Both parties acknowledge that discovery in the case is still necessary and ongoing, summary judgment has not been filed or decided, the case has not gone to trial, and this is Plaintiff's first amendment to the Complaint.  Considering the status of the case, I do not find a month delay in the filing of Plaintiff's motion to amend to constitute undue delay.  Therefore, Defendants must demonstrate undue prejudice in order for Plaintiff's Motion to be denied.

3

Defendants have failed to demonstrate undue prejudice.  Defendants argue that significant discovery has already taken place in the case and the "additional cost that Defendants will have to spend to respond to the new pleading, along with additional discovery costs and preparation to defend the new cause of action, will be substantial and will cause undue hardship and prejudice to Defendants." (Doc. 51 at 3.)  I find that the additional discovery required of Defendants does not rise to the level of undue prejudice.  As I stated previously, both parties acknowledge that discovery in the case is still necessary and ongoing, summary judgment has not been filed or decided, the case has not gone to trial, and this is Plaintiff's first amendment to the Complaint.  In addition, both Plaintiff's reinstated conspiracy claim and her new constructive discharge claim are significantly related to Plaintiff's initial causes of action and theories of recovery.  Discovery related to these claims, at this stage of the proceedings, will not amount to undue prejudice for Defendants.  Therefore, Plaintiff's Motion for Leave to File Amended Complaint (Doc. 47) will be granted.

An appropriate Order follows.

 November 18, 2005                          /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBIN L. MEDERIOS,

     Plaintiff,

          v.

NORTHEASTERN EDUCATIONAL
INTERMEDIATE UNIT 19, et. al.,

     Defendants.

NO. 3:04-CV-2263

(JUDGE CAPUTO)

## ORDER

     **NOW**, this <u>  18th  </u> day of November, 2005, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 47) is **GRANTED**.


     <u>/s/ A. Richard Caputo</u>
     A. Richard Caputo
     United States District Judge