**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JILL CELLI, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:04-CV-2262 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19, ET AL., | : | |
| | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| ROBIN L. MEDEIROS, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:04-CV-2263 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19, ET AL., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Before me is Plaintiff's Motion for Counsel Fees and Litigation Costs Pursuant to 42 U.S.C. §§ 1983 and 1988.

Because I find the hourly rates reasonable, the time expended reasonable and some of the costs reasonable, the motion will be granted in part and denied in part.

**BACKGROUND**

Plaintiff filed a complaint on October 14, 2004 alleging free speech violations under the First Amendment, violations of the Pennsylvania Whistleblowers Law, defamation and civil conspiracy[1]. The complaint alleged that defendants engaged in a campaign of

---

[1] The same claim was filed by Plaintiff Robin L. Medeiros in Civil No. 3:04-CV-2263. The cases were consolidated for discovery. An identical fee petition was filed in the Medeiros' case as well. At oral argument, counsel

1

retaliation against plaintiff after she and another teacher's assistant reported to various authorities, including the Lackawanna County's District Attorney's Office, that they had seen Susan Wzorek, a teacher employed by defendant NEIU, physically, mentally and/or emotionally abusing handicapped students in the classroom at the Clark's Summit Elementary School.

During the course of the litigation, plaintiff's counsel defended a Rule 12(b)(6) motion by the defendants to dismiss the complaint, engaged in discovery, conducted interviews, participated in the Court Annexed Mediation Program (which proved unsuccessful), conducted research, and filed an amended complaint with leave of court. The litigation ended with the plaintiff accepting a joint offer of judgment in the amount of $50,000, plus reasonable attorney's fees and costs.

The attorneys who participated in the case on behalf of the plaintiff, and their respective hourly rates and total time spent, are as follows:

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| Joseph T. Wright, Jr. | 10.7 | $250/hour | $ 2,675.00 |
| Kevin C. Quinn | 234.6 | $200/hour | $46,920.00 |
| Frank T. Tunis | 75.1 | $150/hour | $11,765.00 |
| **TOTAL** | | | **$60,860.00** |

noted that the total amount of time multiplied by the concomitant rates charged, together with costs, was divided in half so as to attribute the identical amount claimed in each case. Therefore, this opinion will serve as the basis for the order in both this case and of Civil Action No. 3:04-CV-2263.

2

**DISCUSSION**

I.   **Prevailing Party**

42 U.S.C. § 1988(b) provides:

> **. . . In any action or proceeding to enforce a provision of Section [ ] . . . 1983 of this title . . . the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee a part of the cost.**

A "prevailing party" is one who "succeeded on any significant issue in litigation which achieves some of the benefit of the parties sought in bringing suit." *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (*citing Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)). Given the result in this case, the plaintiff is the prevailing party.

II.   **The Reasonableness of the Fees Claimed**

   A.  **The Applicable Law**

In entering the allowance of fees in a fee shifting case, I am bound to determine the lodestar. The lodestar is the number of hours reasonably expended in the case multiplied by the reasonable hourly rate. *Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990). In the instant matter, the defendants conclude that the hourly rates of the three lawyers who performed services are reasonable. Given the declarations of Messrs. Ferguson and Lenahan (Plaintiff's Appendix Exhibits 4 and 5) and my experience, I have no reason to disagree.

The plaintiff is required to submit evidence supporting the hours worked. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). In a fee shifting case, the "billing" must be prepared with the same discretion as a private attorney billing his or her private client. *See Hensley*, 103 S.Ct. 1933. The burden of proof is on those claiming reimbursement.

*Rode*, 892 F.2d at 1183.  And the "fee petition is required to be specific enough to allow the district court to determine if the hours claimed are reasonable for the work performed." *Id.* at 1190 (*quoting Pawlak v. Greenwalt*, 713 F.2d 972, 978 (3d Cir. 1983)).  The fee petition should include:

> **Some fairly definite information as to the hours devoted to various general activities, *e.g.,* pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g. senior partners, junior partners, associates.**

*Id.* (*citing Linde Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).  Moreover, district courts should exclude hours not reasonably expended.  *Id.*  They include time which is excessive, redundant or unnecessary. *Id.*

### B. The Statement of Services

The plaintiff has submitted counsel's time records (Plaintiff's Appendix Exhibit 3). The records contain the date of the services performed, by whom the service was performed, a description of the service performed, the time expended on the service and the total amount in dollars for that service.

The defendants level six specific objections to the claims for fees, and they contend the expenses for photocopying, postage and online research should be included in the hourly rate.

#### 1. Lack of Specificity in the Billing Descriptions

Defendants argue that only 22 or 184 entries are single specific descriptions.  In other words, they object to what has come to be termed block billing. The Court of Appeals for the Third Circuit has said "it is not necessary to know the exact number of minutes

spent nor the precise activity to which each hour was devoted . . . ." *Rode*, 892 F.2d at 1190 *(quoting Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp*., 487 F.2d 161, 167 (3d Cir. 1973)).  Time sheets which note the date of activity, the attorney who performed the activity, a general description of the activity, the hours worked, the hourly rate and the total fee for the activity has been deemed adequate.  *See Carter-Herman v. City of Philadelphia*, No. 95-4030, 1997 WL 48942, at *4 (E.D. Pa. Jan. 31, 1997).  Moreover, in *Stover v. Riley,* 30 F.Supp. 2d 501, 544 (E.D. Pa. 1998), the court found that entries such as "review documents", "research" and "meeting" were sufficient even though the actual documents reviewed were not identified, the research performed was not defined further and the subject of the meetings was not further specified.  In *United States ex rel. John Doe, et al v. Pennsylvania Blue Shield* ,54 F. Supp. 2d 410 (M.D. Pa. 1999),  this court said "We believe the more appropriate approach would be to look at the entire block, compare the listed activities with the time spent and determine whether the hours reasonably correlate to all of the activities performed."  *Id.* at 415.

A review of the plaintiff's billing date satisfies me that it is specific enough for me to determine the reasonableness of the time spent in terms of the activities to which the time was devoted.

**2.     Administrative Tasks Should Be Performed by Paralegals and/or Secretaries**

A review of the defendants' objections and the actual billing records reveal that the billing records contain more information than represented by defendants in their brief (see p. 5 of Defendants' Brief in Opposition and compare it with pp. 18-20 of Plaintiff's Reply Brief).  It is apparent that the entries complained of contain the stuff of the work of counsel.  Moreover, at oral argument, counsel for plaintiff noted their firm is not a large firm equipped

5

with a significant administrative staff.[2]  I cannot say any of these tasks should have been delegated.

### 3. Excessive Unspecified Legal Research of 70.2 Hours

Defendants object to 29 entries totaling $12,125.00 for unspecified legal research.

Each of the first four dates defendants note, 8/23/04, 8/26/04, 9/17/04 and 9/28/04, indicate the research is in a block description involving other tasks and the entries note the research is related to the complaint.  The entry of 12/01/04 is again an entry which describes a "telephone conference with J. Freund's office regarding representation issues; draft letter to J. Freund; conference with A. Vitorio; phone conference with R. Polachek regarding representation of S. Wzorek; research regarding J. Freund's experience and reputation."  The time entry for all of these tasks is 1 hour; it is not for research only.  The entries of 12/15/04, 12/17/04, 12/20/04, 12/21/04, 12/22/04, 12/27/04, 12/28/04, 12/30/04, 1/4/05 and 11/6/05 clearly state they are for research regarding defendants' motion to dismiss, and work on brief in opposition to the motion to dismiss. The entry of 1/7/05 states: "Research re: intentional infliction of emotional damages under Pennsylvania and Third Circuit law . . ." The remainder of the entries include research with other tasks. These entries, despite defendants' characterizations to the contrary, are adequately specified and allow an evaluation for reasonableness.  I find these tasks reasonable in terms of the activity and the time spent thereon.

### 4. Double Billing

The defendants claim there is double billing on 19 occasions where Mr. Quinn and Mr. Tunis conferred with one another or worked on the same subject.  These entries total

---

[2]  Plaintiff's counsel represented the firm employs one paralegal.

$7,391.40.

Conferences between counsel in a case such as this are not unreasonable. " Careful preparation often requires collaboration. . . ." *Planned Parenthood of Central New Jersey v. Attorney General*, 297 F.3d 253, 272 (3d Cir. 2002) (*quoting Rodriguez-Hernandez v. Miranda Velez*, 132 F. 3d 848, 860 (1st Cir. 1988)). Moreover, in the instant case Mr. Tunis was junior to Mr. Quinn, and it is normal for the senior member of the firm to oversee the work of the junior member, and conferences are an integral part of this process. Given the issues in this case, I do not find the entries noted by defendants to be unreasonable.

### 5. Billing Time for "Discussions" and Interoffice Meetings

This objection is essentially addressed in the preceding section 4. Again, I do not find the entries noted by defendants to be unreasonable.

### 6. Excessive Billing of Time to Draft Pleadings

Defendants seek to deduct $2,875.00 from $5,485.00 which was charged for drafting the complaint. They note that two attorneys worked on the drafting and they point to entries of 8/25/04 (Research issues regarding First Amendment Retaliation claim; begin drafting complaint; discussions with Kevin Quinn regarding same) (Conference with F. Tunis; work on complaint; related research regarding Whistle blower claims). The remainder viz 8/26/04, 8/27/04, 9/3/04, 9/8/04, 9/9/04. 9/14/04, 9/17/04, 9/27/04 9/28/04, 10/11/04, 10/13/04 and 10/14/04 are much of the same.

First of all, it is inappropriate to say, as did defendants, that 31 hours were spent on drafting the complaint. The entries reflect not only drafting, but client conferences, research on the specific issues upon which the claim was based, conferences among

7

counsel which included George Reihner, Esq., who never billed for his time.  I find this expended time reasonable.

Defendants also object to 44.4 hours, or $8,230.00, expended in "drafting a response to Defendant Abington's Motion to Dismiss."  They seek a deduction of $4,460.00.  The entries noted by the defendants include researching the law cited by the defendants in their brief in support of the motion, and further research regarding the issues raised by defendants.  There were also conferences among counsel and the actual drafting of the brief.  I find the expended time reasonable under the circumstances and will not deduct any amount claimed.

Defendants also seek a deduction of $1,905.00 from $3,190.00 regarding Rule 26(a) Disclosures and $1,030.00 from $2,060.00 to prepare for the joint case management conference.  In both events, I do not find the expended time unreasonable and will make no deductions.

### 7. Costs and Expenses

Defendants suggest that $1,084.50 in photocopying, $111.83 in postage and $239.49 for online research should be included in counsel's hourly rates.

While I would expect that extraordinary copying charges would be billed to private clients, I do not review these copying charges as extraordinary under the circumstances, here present.  They should be included in the hourly rates charge.

The same is true of the postage and the online research.  With respect to the latter, counsel charges for the time spent while doing the research.  The fact the research is online rather than in books, for which clients do not independently pay, makes no difference.  Moreover, counsel's research time was billed as it would if the research were

conducted in law books.  These charges should be included in the hourly rate.

Therefore, I will disallow $1084.50 for photocopying, $111.83 for postage and $239.43 for online research service.  The total disallowed is $1,435.76.

## **CONCLUSION**

For the foregoing reasons, I find the hourly rates charged are reasonable and the time expended to be reasonable.  The total fees allowed will be $60,860.00.  The total costs allowed will be $1,573.85.

An appropriate order follows.


Date   April 28, 2006                             /s/ A. Richard Caputo
                                                                               A. Richard Caputo
                                                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBIN L. MEDEIROS, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:04-CV-2263 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19, ET AL., | : | |
| | : | |
| Defendants | : | |

## ORDER

**NOW**, this  28th  day of April, 2006, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Counsel Fees and Litigation Costs is **GRANTED** to the following extent:

1. Plaintiff is awarded counsel fees of $60,860.00;

2. Plaintiff is awarded costs of $1,573.85;

3. Judgment in the amount of $62,433.00 is entered in favor of the plaintiff and against Northeast Educational Intermediate Unit 19, Fred R. Rosetti, Ed.D, Clarence Lemanna, Ed.D., Susan Wzorek, James O'Hora, Kathleen Rachowski, the School District of Abington Heights, David Arnold, Ed.D., Mariellen Sluko, Mary Alice Bartz and Barbara Urnoski, jointly and severally.

                                               /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge